**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1940 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00245-WBS-1 |
| v. | |
| BRENDA VILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 12, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Brenda Villa appeals her convictions for one count of conspiracy to commit falsification of a record in a federal investigation, in violation of 18 U.S.C. § 371, three counts of falsification of a record in a federal investigation, in violation of 18

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1519, and one count of false declarations before a grand jury, in violation of 18 U.S.C. § 1623. The charges arose from Villa's obstruction of the federal investigation into the death of Ronnie Price, an inmate at California State Prison, Sacramento, during her employment there as a correctional sergeant. She argues that the district court erred in (1) denying her motion for judgment of acquittal on the false declarations charge and (2) admitting an out-of-court statement under the coconspirator hearsay exclusion, Fed. R. Evid. 801(d)(2)(E). We have jurisdiction under 28 U.S.C. § 1291 and we affirm the convictions.

1. Sufficient evidence supports the district court's denial of Villa's motion for judgment of acquittal. We will affirm a conviction if, "after viewing [the evidence] in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1176 (9th Cir. 2024) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Villa testified before the grand jury that when she responded to the incident she "didn't see anyone but [Officer] Aurich" with Price. When asked specifically if she saw Officer Arturo Luna, she responded "I did not." However, four eyewitnesses testified that Villa and Luna were within mere feet of one another when Villa arrived. Villa also emailed a reporting form to all officers involved in the use of force incident, including Luna. Indeed, Villa concedes that Luna was present

when Villa arrived.

A jury choosing to believe these witnesses could rationally conclude that Villa saw Luna when she responded to the use of force, and that her grand jury testimony was knowingly false. *See United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc) ("We cannot second-guess the jury's [witness] credibility assessments"); 18 U.S.C. § 1623. As such, the district court did not err in denying Villa's motion for judgment of acquittal.

2. The district court similarly did not err in admitting Officer Pacheco's out-of-court statement that Villa told him to "keep [the incident] in house" as a nonhearsay coconspirator statement under Rule 801(d)(2)(E). On appeal, Villa challenges the district court's factual determination that Villa and Pacheco were coconspirators. We review the district court's factual findings for clear error. *United States v. Saelee*, 51 F.4th 327, 339 n.4 (9th Cir. 2022). We thus reverse only if they were "illogical, implausible, or without support in the record." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

Villa emailed an incident report to everyone involved, including Luna. Villa then instructed Officer Lopez to remove Luna from Lopez's incident report because Luna was "involved in the last" use of force incident and "it looks bad" to include him. Villa also emailed Pacheco a final version of Pacheco's incident report, which did not mention Luna and his contradictory version of Pacheco's actions. Upon

receipt, Pacheco replied to Villa with the following: "Thank you Brenda! 'give me a hell yeah!!'"

As it must, the district court considered the government's independent evidence together with the proffered statement itself. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 834 (9th Cir. 2024) ("The independent evidence of the conspiracy must be such that, taken together with the alleged co-conspirator statement, the statement can fairly be said to be incriminating.").

Faced with this evidence, the district court concluded that Villa and Pacheco participated in a scheme to keep Luna's name out of the incident reports. On this record, we cannot say that the district court's finding was "illogical, implausible, or without support[.]" *Sanmina Corp.*, 968 F.3d at 1116. We thus affirm the district court's decision to admit Pacheco's out-of-court statement. *See Alahmedalabdaloklah*, 95 F.4th at 834 (setting forth requirements under Rule 801(d)(2)(E) that "the government shows by preponderance of the evidence that: (1) a conspiracy existed at time the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy") (citation modified).

**AFFIRMED.**